## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| VENUS FASHION INC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; ROBERT E. LIGHTHIZER, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION; MARK A. MORGAN, U.S. CUSTOMS & BORDER PROTECTION ACTING COMMISSIONER, <br><br> Defendants. | Court No. 20-02164 |

## COMPLAINT

Plaintiff, VENUS FASHION INC ("Plaintiff" or "VENUS"), by and through its attorney, alleges and states as follows:

## STATEMENT OF THE CASE

1. This action challenges the assessment of duties on merchandise originating in the People's Republic of China allegedly pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411 ("Trade Act"). Specifically, Plaintiff alleges that the United States Trade Representative's ("USTR") imposition and collection of duties on Plaintiff's products covered by what is known as "List 3" and "List 4" are not authorized under the Trade Act, violate the Administrative Procedure Act ("APA") because they are inconsistent with the findings of the underlying USTR report, and are otherwise contrary to law.

2. The Court should set aside Defendants' actions as *ultra vires* and otherwise contrary to law, and order Defendants to refund any duties paid by Plaintiff pursuant to List 3 and List 4 with interest as provided by Law.

## PARTIES

3. Plaintiff, VENUS, is a premier online and catalog retailer featuring women's clothing, swimwear, accessories, and other products.

4. Plaintiff imports various products subject to List 3 and List 4, including clothing, accessories, swimwear, exercise apparel, and leotards, for example. The tariff classifications applicable to Plaintiff's products that are subject to List 3 and List 4 include but are not limited to the following: 6112410010, 6110303059, 6104432010, 6114301020, 6104442010, 6110303020, 6204628011, HTSUS.

5. Defendant United States of America received the disputed tariffs and is the statutory defendant under 5 U.S.C. Section 702 and 28 U.S.C. Section 1581(i)(1)(B).

6. The Office of the United States Trade Representative ("USTR") is an executive agency of the United Sates charged with investigating a foreign country's trade practices under Section 301 of the Trade Act and implementing responsive measures at the direction of the President. USTR conducted a Section 301 investigation at issue and made decisions regarding List 3 and List 4.

7. Defendant U.S. Customs and Border Protection ("CBP") is the federal agency with jurisdiction to collect duties on imports. CBP collected duties paid by Plaintiff improperly imposed by USTR under List 3 and List 4.

## STANDING

8. Plaintiff has standing to bring this suit because it has paid duties as a result of the tariffs illegally imposed by Defendants pursuant to List 3 and List 4. Plaintiff has, therefore, been "adversely affected or aggrieved by agency action within the meaning of" the APA. 5 U.S.C. § 702 and 28 U.S.C. § 2631(i) ("Any civil action of which the Court of International Trade has jurisdiction…may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5."). Plaintiff, therefore, has standing to bring this action.

## JURISDICTION

9. The Court possesses "exclusive jurisdiction" over this action pursuant to 28 U.S.C. § 1581(i)(1)(B), as it is "commenced against the United States, its agencies, or its officers" and arises out of a "law . . . providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(1)(B).

## TIMELINESS

10. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

11. This case challenges two actions taken by Defendants, which resulted in the imposition of List 3 and List 4A. List 3 was published on September 21, 2018 as *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974 (Sept. 21, 2018); *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation,* 84 Fed. Reg. 43,304, 43,306-29 (Aug. 20, 2019). Plaintiff's claims accrued at the earliest on September 21, 2018, when USTR's notice of List 3 was

published in the Federal Register. 83 Fed. Reg. 47,974. List 4 was published subsequently, and Plaintiff's claims accrued at the earliest on August 20, 2019, when USTR published notice of List 4A in the *Federal Register*. 84 Fed. Reg. 43,304. This action is, therefore, timely.

## **RELEVANT LAW**

12. 19 U.S.C. § 2411(b), "Section 301," and 19 U.S.C. § 2412 authorize the United States Trade Representative ("USTR") to investigate whether a foreign country has engaged in an "unreasonable or discriminatory" practice that burdens or restricts U.S. commerce.

13. If the USTR investigation results in a finding of "unreasonable or discriminatory" practice, USTR may impose tariffs on imports from that foreign country that was found to be engaged in unreasonable or discriminatory practices. 19 U.S.C. § 2411(b), (c)(1)(B).

14. Pursuant to 19 U.S.C. § 2414(a)(2)(B), USTR must determine what, if any, action to take within 12 months after the initiation of the investigation.

15. The USTR may modify or terminate an action taken in furtherance of Section 301 when, among other reasons, the burden or restriction on United States commerce as a result of the acts, policies, or practices have increased or decreased when the action is no longer appropriate. 19 U.S.C. § 2417(a)(1)(B)-(C).

## **RELEVANT FACTS**

16. USTR formally initiated the investigation into Chinese technology transfer and intellectual property practices on August 18, 2017. *Initiation of Section 301 Investigation; Hearing; and Request for Public Comments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 82 Fed. Reg. 40,213 (Aug. 24, 2017).

17. On March 22, 2018, USTR released a report announcing the results of its investigation. OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, *Findings of*

*the Investigation Into China's Acts, Policies, And Practices Related to Technology Transfer, Intellectual Property, and Innovation Under Section 301 of The Trade Act of 1974* (Mar. 22, 2018), available at https://ustr.gov/sites/default/files/Section%20301%20FINAL.PDF. USTR found that certain "acts, policies, and practices of the Chinese government related to technology transfer, intellectual property, and innovation are unreasonable or discriminatory and burden or restrict U.S. commerce." *Id*. at 47.

18. On June 20, 2018, USTR published its final list of selected products of Chinese origin subject to an additional 25% *ad valorem* duty, known as "List 1." *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 28,710 (June 20, 2018).

19. On August 16, 2018, USTR published *Notice of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 40,823, 40,823-24 (Aug. 16, 2018), imposing an additional 25% *ad valorem* duty on selected products of China, also known as "List 2."

20. China retaliated to the U.S. action by imposing 25% *ad valorem* tariffs on U.S.-origin goods on the same dates the U.S. began collecting its own 25% tariffs under List 1 (July 6, 2018) and List 2 (August 23, 2018).

21. In response to China's retaliation, USTR proposed to impose duties on additional Chinese-origin products. *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 33,608, 33,609 (July 17, 2018). See also *Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action* (July 10, 2018),

available at https://ustr.gov/about-us/policy-offices/press-office/pressreleases/2018/july/statement-us-trade-representative.

22. Furthermore, public statements by the President indicate the additional duties were tied to the trade imbalance between the United States and China. *See*, e.g., @realDonaldTrump, TWITTER (July 10, 2018, 9:17 PM EDT), https://twitter.com/realDonaldTrump/status/1005982266496094209 @realDonaldTrump, Twitter (July 25, 2018, 7:01 AM EDT), https://twitter.com/realDonaldTrump/status/1022074252999225344.

23. On August 1, 2018, Ambassador Lighthizer announced that, in light of China's retaliatory duties, USTR would propose to increase the additional duty from 10% to 25% *ad valorem*. OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action (Aug. 1, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/august/statement-us-trade-representative.

24. On September 17, 2018, President Trump announced that he had directed USTR to impose 10% additional tariffs on $200 billion of imports from China. THE WHITE HOUSE, *Statement from the President* (Sep. 17, 2018), https://www.whitehouse.gov/briefings-statements/statement-from-the-president-4/.

25. USTR published the final list of affected products subject to the additional duties, the "List 3," on September 21, 2018. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed, Reg, 47,974 (Sep. 21, 2018). This publication was more than 12 months after the initiation of the investigation on August 24, 2017.

26. In the Notice, USTR justified the action as a modification of the existing Section 301 action because the burden on United States commerce had continued to increase, *citing* Section 307(a)(1)(B) of the Trade Act, 9 U.S.C. § 2417(a)(1)(B). USTR also stated that Chinese retaliation made the existing action no longer "appropriate," *citing* Section 307(a)(1)(C) of the Trade Act; 19 U.S.C. § 2417(a)(1)(C).

27. On May 17, 2019, USTR announced its intention to proceed with yet another list – "List 4" – covering even more products subject to an additional 25% *ad valorem* duty. *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 22,564, 22,564 (May 17, 2019). The rationale for List 4 was not China's policies with respect to technology transfer, intellectual property, or innovation. It was to punish China for its failure to meet specific commitments made in prior negotiations and its further retaliation against the U.S. *Id.*

28. On August 20, 2019, USTR issued a final notice adopting List 4 in two phases. *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304 (Aug. 20, 2019). USTR again relied on Section 307(a)(1)(B) and (C) for authority to modify its prior action. However, the Notice does not identify intellectual property, technology transfer or innovation as the reasons for List 4. Rather, the Notice refers to China's defensive actions including retaliatory tariffs. This publication was more than 12 months after the initiation of the investigation on August 24, 2017.

29. The duties imposed on products covered by List 3 and the first phase (List 4A) remain in effect as of the date of this Complaint. The second phase (List 4B) of List 4 has been

suspended and not applied to imported goods.  The additional duties under List 4B, however, may be imposed at any time if directed by the President.

## STATEMENT OF CLAIMS

### COUNT ONE

### (DECLARATORY JUDGMENT: VIOLATION OF THE TRADE ACT OF 1974))

30.     Paragraphs 1 through 29 above are reincorporated by reference.

31.     The Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

32.     The Trade Act of 1974 does not authorize the actions taken by Defendants resulting in List 3 and List 4 tariffs.

33.     USTR may impose tariffs pursuant to Section 301 when it determines that "an act, policy, or practice of a foreign country is unreasonable or discriminatory and burdens or restricts United States commerce, and action by the United States is appropriate."  19 U.S.C. § 2411(b).  USTR failed to base the imposition of Section 301 List 3 and List 4 tariffs on any such determination.

34.     Further, USTR failed to take action to impose duties on List 3 and List 4 products from China within the 12-month period required by 19 U.S.C. § 2414(a)(1)(B) and (2)(B).  USTR's action implementing List 3 and 4 occurred in September 2018 and August 2019, respectively, well beyond a year after USTR initiated the Section 301 investigation on August 18, 2017.

35.     USTR may "modify or terminate" a Section 301 action when the burden on U.S. commerce from the investigated unfair policies or practices investigated increases or decreases.  However, USTR may not increase the duties assessed in furtherance of Section 301 for reasons other than the acts, policies, or practices that were found to burden U.S. Commerce.  Congress did not provide authorization to USTR to expand at will its investigatory findings.

36. Section 301 actions may be modified or terminated when no longer appropriate. 19 U.S.C. § 2417(a)(1)(C). This authorization does not permit USTR to *increase* an existing remedy action, but rather only to delay, reduce, or terminate such actions.

37. Plaintiff is, therefore, entitled to a declaratory judgment that Defendants' actions giving rise to List 3 and List 4 are *ultra vires* and contrary to law.

## COUNT TWO

## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

38. Paragraphs 1 through 37 above are reincorporated by reference.

39. The Administrative Procedure Act requires that this Court invalidate any final agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

40. Defendants exceeded their statutory authority in promulgating List 3 and List 4 more than 12 months after the initiation of the investigation.

41. USTR's imposition of List 3 and List 4 duties for reasons other than China's policies relating to technology transfer, intellectual property, and innovation is in excess of statutory authority and is arbitrary, capricious, and an abuse of discretion.

42. Defendants' actions in promulgating List 3 and List 4A without sufficient opportunity for comment, failure to consider relevant facts and failing to support its decision are arbitrary and capricious.

## COUNT THREE

## (VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)

43. Paragraphs 1 through 42 are incorporated by reference.

44. The Administrative Procedure Act requires that this Court invalidate any final agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

45. In its June 24, 2019 request for comments for exclusions from List 3 tariffs, USTR stated that any exclusions would extend for one year after date of publication of exclusion determination. USTR later modified the duration of tis exclusions on September 20, 2019, granting exclusions until August 7, 2019.

46. Defendants failed to explain their rationale behind the premature termination of List 3 exclusions, and failed to identify the facts on which it based its conclusion that a consistent exclusion period was required for all exclusions. For these reasons, Defendants actions are arbitrary, capricious, and abuse of discretion and not in accordance with the law, and therefore, must be set aside under 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

1. Declare that Defendants' actions resulting in tariffs on products covered by List 3 and List 4 are unauthorized by, and contrary to, the Trade Act;

2. Declare that Defendants arbitrarily and unlawfully promulgated List 3 and List 4 in violation of the APA;

3. Vacate the List 3 and List 4 actions;

4. Order Defendants to refund, with interest as provided by law, all duties paid by Plaintiff pursuant to List 3 and List 4;

5. Permanently enjoin Defendants from collecting further duties on importations by Plaintiff of merchandise from China subject to List 3 and List 4;

6. Order Defendants to pay costs and reasonable attorneys' fees; and

7. Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: September 19, 2020

/s/Felicia Leborgne Nowels
Felicia Leborgne Nowels
**AKERMAN LLP**
201 E. Park Ave., Suite 300
Tallahassee, FL 32301
(850) 425-1661
felicia.nowels@akerman.com

*Counsel to* VENUS FASHION INC

## **CERTIFICATE OF SERVICE**

Pursuant to USCIT R. 4(b), (h) and (l), I hereby certify that on or before September 21, 2020, I will cause copies of Plaintiff's Summons and Complaint to be served on the following parties by certified mail, return receipt requested. Such filing is timely pursuant to USCIT R. 4(l) as such service is made within 90 days of the filing of the summons and complaint.

Attorney-In-Charge International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

General Counsel Joseph L. Barloon
Office of the General Counsel
Office of the U.S. Trade Representative
600 17th Street, NW
Washington, DC 20006

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

                                                    /s/ Felicia Leborgne Nowels
                                                    Felicia Leborgne Nowels